UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARK DELEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:21-CV-224-PPS |
| | ) |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Bar Disclosure of Exhibits by the Railroad's Retained Experts. [DE 61]. For the reasons explained below, the motion is denied.

**Background**

On July 15, 2021, Plaintiff Mark DeLeon filed this lawsuit against Defendant Norfolk Southern Railway Company ("NS") under the Federal Employers' Liability Act ("FELA"). [DE 1]. In his complaint, DeLeon alleges that on July 13, 2021, he sustained personal injuries, including amputation of his arm at the shoulder, while working as a conductor for NS in its Burns Harbor railroad yard. [*Id.* at 1-2]. DeLeon alleges that NS was careless and negligent and failed to provide him with a reasonably safe place to work, thus contributing to his injuries. [*Id.* at 2]. DeLeon seeks damages for his personal injuries as well as other damages he claims are a result of the July 13, 2021, incident. [*Id.*]

The case has proceeded through discovery and on January 3, 2025, Magistrate Judge Zanzi entered an order addressing the discovery schedule in this case and setting the deadline for expert disclosures as March 15, 2025. [*See* DE 58]. On March 31, 2025, DeLeon filed the instant motion seeking to bar NS's experts from using exhibits which were not included with their expert disclosures. [DE 61].

## Discussion

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony. The rule provides in relevant part that the disclosures and reports are to include any exhibits that will be used to summarize or support the expert's opinion. Fed. R. Civ. P. 26(a)(2)(B). In the motion presently before me, DeLeon seeks to bar NS's use of expert exhibits which were not included in its expert disclosures. [DE 61 at 1]. DeLeon states that "[r]ather than disclosing exhibits, the experts retained by the railroad . . . said exhibits will be produced at some unspecified time in the future." [*Id.*]

In response, NS states DeLeon is incorrect that its experts failed to follow the requirements of Rule 26(a) and argues the motion should be denied because the exhibits at issue are "purely demonstrative." [DE 64 at 1]. NS says that "[t]he content of what Defendant experts' demonstratives will be at trial is described in great detail in their reports and disclosures." [*Id.*] There are four expert disclosures at issue here: (1) the report of Dr. Cades and Dr. Palac; (2) the report of Mr. Marker; (3) the report of Mr. Newman; and (4) the report of Dr. Weaver. [DE 61-1; DE 61-2; DE 61-3; DE 61-4]. The

2

parties agree that some information about the exhibits were provided in each disclosure, but the exhibits themselves were left out. [*See* DE 61 at 1-2; DE 64 at 2].

The purpose of Rule 26(a) disclosures is "to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." *Jones v. Mathews*, 2018 WL 9880223, at *3 (C.D. Ill. Dec. 13, 2018) (quoting *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000)). In this instance, neither party disputes that NS failed to provide the exhibits in the expert disclosures. NS argues that the exhibits are "purely demonstrative", but this is not a reason to exclude them from the expert disclosures. Demonstrative evidence which summarizes or supports an expert's opinions must be contained in the expert's report. *See Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n. 6 (7th Cir.1988) (noting that the category of "exhibits to be used as a summary of or support for the [expert's] opinions . . . encompasses demonstrative evidence which summarizes or supports the expert's opinions"). Rule 26(a)'s disclosure requirements contain no exception for demonstrative evidence which summarizes or supports an expert's opinion. *Lekkas v. Mitsubishi Motors Corp.*, 2005 WL 2989899, at *1 (N.D. Ill. Nov. 3, 2005).

As noted in DeLeon's motion, the sanction of exclusion is automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless. [DE 61 at 2]; *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). In this instance, I view NS's failure to comply with Rule 26(a)'s

3

disclosure requirements as harmless. *Mid-Am. Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996) ("The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.").

Although NS did not provide the exhibits it intends to use, it did explain them in sufficient detail that they cannot be considered a "surprise." Dr. Cades and Dr. Palac explained that their exhibits will be created from material referenced in the report. [DE 61-1]. Mr. Marker went into painstaking detail about his Virtual Reality (VR) headset presentation including specs on the camera, video, lenses, lighting, camera positioning, train speed, and viewing process. [DE 61-2]. Mr. Newman provided great detail on his surveillance video presentation including how the video was manipulated to reach real time, how the video was cropped, how the background of the video was used, and how the video was adjusted to ensure clarity. [DE 61-3]. Finally, Dr. Weaver stated that he has not yet created his final exhibits for trial, but explained that he may use, among other things, portions of the report, excerpts from scientific articles, and exhibits used by Plaintiff's experts. [DE 61-4]. While NS did not include their expert exhibits in their expert disclosures, NS's actions did not frustrate the purposes of Rule 26(a)(2) and a sanction of exclusion would be too harsh. *Sherrod*, 223 F.3d at 612 ("Rule 37 precludes the trial judge from imposing the exclusion sanction unless it finds the party's failure to comply with Rule 26(a) was both unjustified and harmful to the opposing party.").

Because exclusion would be too harsh a sanction, I must find a more permissive way to resolve NS's Rule 26(a) violation. *Allstate Ins. Co. v. Electrolux Home Prods., Inc.*,

4

840 F. Supp. 2d 1072, 1081 (N.D. Ill. 2012) ("Even where there is a Rule 26 violation, the focus turns to determining an appropriate remedy."). Moreover, NS states that Plaintiff's expert Dr. Trangle failed to include his demonstrative exhibits in his expert disclosures and argues that if I bar NS's expert exhibits I should bar Dr. Trangle's as well. [DE 64 at 4-5]. In this instance, the appropriate remedy is to allow the parties to disclose their experts' demonstrative exhibits while also providing the other side with ample time to review them.

Certainly, I have the authority to set pretrial deadlines and to manage the cases before me. *McCullough v. Galloway*, 2025 WL 227698, at *3 (7th Cir. Jan. 17, 2025) (explaining that trial management decisions fall in the district judge's purview); *Mitchell v. City of Chicago*, 862 F.3d 583, 586 (7th Cir. 2017) ("District judges are authorized to manage the schedule of cases before them, including imposing deadlines for discovery."). So, here's how we will proceed: I will refrain from barring NS's expert exhibits and instead set a deadline for the full disclosure of all expert exhibits so that each party has ample time to review them.

    **ACCORDINGLY**:

Plaintiff's Motion to Bar Disclosure of Exhibits by the Railroad's Retained Experts [DE 61] is **DENIED**. All expert exhibits, including demonstrative exhibits, must be disclosed and provided to opposing counsel <u>no later than three weeks prior to the Final Pretrial Conference</u>. Any expert exhibits not disclosed by that date will be **EXCLUDED** and barred from use at trial.

**SO ORDERED**.

ENTERED: August 26, 2025.

                                               /s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT