UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MARK DELEON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:21-cv-224 |
| | ) | |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

During summary judgment briefing, Plaintiff Mark DeLeon filed a statement of

material facts. In its response, Defendant Norfolk Southern Railway Company failed to

respond to, either by admitting or denying, a number of those stated facts. Now,

DeLeon has moved for me to deem those facts undisputed not merely for purposes of

summary judgment, but also for trial. [DE 117.] The motion is denied.

Federal Rule of Civil Procedure 56(g) allows a court to, in its discretion, enter an

order stating that certain material facts are established in the case if it does not grant all

the relief sought by a summary judgment motion. "Rule 56(g) is 'ancillary' to the

ultimate summary-judgment analysis, operating to 'salvage some results' from the time

and resources spent in deciding unsuccessful summary-judgment motions." *Kreg*

*Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 416 (7th Cir. 2019) (quoting Wright &

Miller, 10B Fed. Prac. & Proc. § 2737 (4th ed. 2018)). "Rule 56(g) thus empowers the

district court in its discretion, following the entry of partial summary judgment, to treat

1

any unrefuted and material facts as established for purposes of efficiently adjudicating the remaining issues." *Greenbank v. Great Am. Assurance Co.*, 2020 U.S. Dist. LEXIS 143634, at *4, 2020 WL 4604507 (S.D. Ind. Aug. 11, 2020). DeLeon failed to make an affirmative argument citing to Rule 56(g) in his opening brief. More perplexingly, after Norfolk helpfully brought up Rule 56(g) in its response, DeLeon argued in his reply that "Rule 56(g) offers the *railroad* no relief." [DE 123, 3 (emphasis added).]

What DeLeon may have meant is that the 2010 *Advisory Committee Note* for Rule 56(g) offers Norfolk no relief. Fed. R. Civ. P. 56 Advisory Committee Note to 2010 Amendment. That would be a point with which I could agree. While the Advisory Committee Note states that courts "must take care" not to interfere with a party's ability to accept a fact "for purposes of the motion only," the Seventh Circuit has stated that that principle is only helpful to a party opposing a fact being deemed undisputed if that party indicated that they were only admitting certain facts for purposes of summary judgment. *Kreg Therapeutics, Inc.*, 919 F.3d at 415–16; *see also Ello v. Seven Peaks Marketing Chicago, LLC*, 2019 WL 3956186, at *5 (N.D. Ind. Aug. 21, 2019) ("For this principle to apply in the Plaintiffs' favor, the Plaintiffs would have had to indicate they accepted some fact as undisputed for the limited purpose of the summary judgment motions."). Here, Norfolk failed to state that they were admitting to these facts only for summary judgment purposes, so it cannot rely upon this statement in the Advisory Committee Notes for relief.

However, in my discretion, I refuse to make a Rule 56(g) order in this case. As the Advisory Committee Note for Rule 56(g) also states:

Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event.

Fed. R. Civ. P. 56 Advisory Committee Note to 2010 Amendment. First, many of the asserted facts Plaintiff now seeks to be established as undisputed at trial, such as GOOME safety standards, were not a focus of the summary judgment briefing, and could be better illuminated at trial. Second, some of the asserted facts, such as those relating to how DeLeon mounted the railcar, overlap significantly with facts that must be tried in any event. Lastly, I note that I employ Rule 56(g) sparingly. If I deny summary judgment and allow a case to go to a jury trial, then I usually expect the parties to present the facts to the jury and make their case. *See Genesys Cloud Servs., Inc. v. Talkdesk, Inc.*, 2023 WL 1766045, at *2 (S.D. Ind. Feb. 3, 2023) (denying a Rule 56(g) motion and stating the "Court denied summary judgment for all parties on a number of the claims because of the factual disputes that should be left for the jury to decide.").

I note that nothing in this opinion should be read as discouraging the parties from getting together and agreeing to stipulate facts that both parties believe, at the trial stage, are undisputed and presented neutrally. But I will not force any stipulated facts on the parties here.

Plaintiff's motion to deem facts not in dispute [DE 117] is DENIED.

**SO ORDERED**.

ENTERED:  June 14, 2026.

3

<u>/s/Philip P. Simon</u>
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT